CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 23 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRANCE DANELLE HOLLEY, | ) |
| Plaintiff, | ) Civil Action No. 7:06-cv-00275 |
| | ) |
| | ) **MEMORANDUM OPINION** |
| | ) |
| K. DAVID JONES, et al., | ) By: Samuel G. Wilson |
| Defendants. | ) United States District Judge |

Plaintiff Terrance Danelle Holley, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983. Holley alleges that on March 9, 2006, during an interview, K. David Jones was "deliberately indifferent of her [Holley's] Gender Identity Disorder." Holley claims that sometime therafter, Dr. Syed Ahsan failed to "render any humane recovery" for Holley's Gender Identity Disorder. Holley seeks one million dollars in damages. The court finds that Holley's complaint fails to state a claim upon which relief can be granted and, therefore, dismisses this action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must demonstrate that the defendants had actual knowledge of but disregarded an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligent treatment are not cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Additionally,

an inmate is not entitled to unqualified access to health care; rather the right to medical treatment is limited to that treatment which is medically necessary, not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). Holley claims that Jones and Dr. Ahsan have been "deliberately indifferent" to his Gender Identity Disorder and have not provided him with "humane" treatment for his condition; however, he admits that medical personnel have examined him. Though Holley may be dissatisfied with his current treatment plan, this amounts to nothing more than a disagreement between medical staff and an inmate as to a proper course of treatment, which is not actionable under the Eighth Amendment.[1]

## II.

For the stated reasons, Holley' complaint will be dismissed pursuant to § 1915A(b)(1) for failure to state a claim. Holley is hereby advised that this dismissal constitutes a second "strike" under 28 U.S.C. § 1915(g).[2]

ENTER: This 22 day of May, 2006.

United States District Judge

---

[1] In De'Lonta v. Angelone, the Fourth Circuit held that an inmate had stated a claim of deliberate indifference by alleging that prison medical staff took inadequate measures to prevent self-mutilation upon the halting of the inmate's hormone therapy regimen. 330 F.3d 630 (4th Cir. 2003). Here, Holley has alleged no history or danger of self-mutilation and, most importantly, Holley does not allege that he was already receiving hormone therapy which ceased upon his incarceration.

[2] See Holley v. Hensley, 7:05cv00033 (W.D. Va. Jan. 21, 2005).

2